the Times Square subway station in the city of New York, stepped into an opening between the train and station platform and received the injuries complained of. There was evidence that the crowd was so great as to deprive plaintiff of control over her movements; that no device was provided by defendant to close or bridge the open space and that no warning was given of its existence.

*B. H. Ames* and *James L. Quackenbush* for appellant.
*Don R. Almy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

Bernard Bergmann, Respondent, *v.* S. Charles Hirschberg, Appellant.

*Contract — reformation — action to reform written agreement giving option to repurchase stock so as to provide for purchase of stock at fixed price upon plaintiff leaving employment.*

*Bergmann v. Hirschberg*, 216 App. Div. 711, affirmed.

(Argued October 6, 1926; decided October 22, 1926.)

Appeal from a judgment, entered March 5, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff. The action was to reform a written agreement for the sale by defendant to plaintiff of certain stock, reserving to the defendant an option to repurchase the same, plaintiff contending that by false representations he was led to believe that the agreement was that if plaintiff should leave his employment defendant would repurchase the stock at a fixed price.

*A. S. Cutler* and *S. S. Groggins* for appellant.
*Nathan Waxman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Pound, Crane and Andrews, JJ. Dissenting: Cardozo, McLaughlin and Lehman, JJ., on the ground that the findings of the Appellate Division are contrary to the weight of evidence.